Filed 9/12/22 In re D.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re D.M. et al., Persons Coming Under the Juvenile Court Law. | B318948 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. SANDY H., Defendant and Appellant. | (Los Angeles County Super. Ct. Nos. 20CCJP01503A, 20CCJP01503B) |

APPEAL from orders of the Superior Court of Los Angeles County, Charles Q. Clay III, Judge. Conditionally reversed and remanded.

William Hook, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and William D. Thetford, Deputy County Counsel, for Plaintiff and Respondent.

Children's Law Center 1 and Ann-Marissa Cook for Minor D.M.

Children's Law Center 3 and Nancy Sarinana for Minor A.M.

————————————————

Sandy H. (mother) appeals from the February 18, 2022 orders terminating her parental rights over her children D.M. and A.M. pursuant to Welfare and Institutions Code section 366.26. She contends that the termination order should be conditionally reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief; instead, counsel for mother, minors, and the Los Angeles County Department of Children and Family Services (the Department) filed a joint application and stipulation for a limited reversal and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remittitur.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) During the course of the proceedings, the Department was in contact with extended family members including, paternal grandmother and prospective adoptive parent, paternal uncle, paternal great-uncle, maternal

2

grandmother, maternal aunt, and maternal great-aunt. However, the record does not indicate these relatives were asked if the children were or may be Indian children. After reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8), for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's February 18, 2022, orders terminating mother's parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. The court shall order the Department to make reasonable efforts to interview available extended relatives about the possibility of the children's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights is to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED.


MOOR, J.


I concur:


RUBIN, P. J.

In re D.M. et al.
B318948


BAKER, J., Dissenting



I would reject the parties' stipulation to remand the matter to the juvenile court. This court cannot properly make the findings required by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 380 ["[T]here could be an adverse effect on the adoptive parents' rights if there were a stipulated reversal of a Welfare and Institutions Code section 366.26 parental termination rights order. A stipulated reversal could further delay the conclusion of the adoption process"].) There is a good case to be made, if this court invited further merits briefing, that substantial evidence supports the juvenile court's Indian Child Welfare Act determination. (*In re H.V.* (2022) 75 Cal.App.5th 433, 441 (dis. opn. of Baker, J.); see also *In re Ezequiel G.* (2022) 81 Cal.App.5th 984; *In re J.S.* (2021) 62 Cal.App.5th 678, 688 [applying substantial evidence standard of review].)


BAKER, J.